IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCE LANGLEY, on behalf of himself
and all others similarly situated,

       Plaintiff,                        No. 2:12-cv-2623-JAM-EFB

  vs.

HOMEWARD RESIDENTIAL, INC. and
DOES 1 through 10, inclusive,

       Defendants.                   <u>ORDER</u>
_____/

      On June 19, 2013, the court heard defendant Homeward Residential, Inc.'s motion for a protective order. Dckt. No. 17. Attorney Matthew Loker appeared at the hearing on behalf of plaintiff and attorney Jonathan Fink appeared on behalf of defendant.

      As stated on the record, and for the reasons stated on the record, defendant's motion for a protective order, Dckt. No. 17, is granted in part. Specifically, until the court has ruled on defendant's motion for summary judgment regarding plaintiff's individual claim,[1] the parties

---

[1] At the June 19 hearing, defense counsel indicated that a motion for summary judgment on plaintiff's individual claim could be filed within thirty days. In light of that representation, it does not appear at this time that a continuance of the December 1, 2013 deadline for discovery on both plaintiff's individual claim *and* class certification issues is necessary. *See* Dckt. No. 12. However, as noted at the hearing, if the parties opine that additional time for class certification discovery is needed after the court rules on defendant's summary judgment motion on plaintiff's

1

shall proceed with discovery related only to that individual claim.  Discovery as to class certification issues shall resume after the court has ruled on defendant's motion for summary judgment regarding plaintiff's individual claim.[2]

SO ORDERED.

DATED: June 19, 2013.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

individual claim, the parties may file a stipulation or a request that the district judge modify the December 1, 2013 deadline for class certification discovery and/or the deadlines for filing and hearing the motion for class certification.

[2] In light of the protective order issued herein, the court need not address the other arguments defendant has raised in opposition to plaintiff's class certification discovery.  If, after class certification discovery re-commences (after the court has ruled on defendant's motion for summary judgment regarding plaintiff's individual claim), the parties still have specific disputes regarding class certification discovery, they shall meet and confer in good faith in an attempt to resolve those disputes without court intervention, as required by Local Rule 251(b) and Federal Rule of Civil Procedure 37(a)(1).  If the meet and confer process does not resolve the dispute(s), the parties may then file whatever discovery motions are necessary at that time.

2